# EXHIBIT "C"



2131 Hollywood Blvd., Suite 208
Hollywood, FL 33020
P: (754) 777-9911
F: (754) 210-6195

June 16, 2021

**PRIVILEDGED AND CONFIDENTIAL**

**SENT VIA EMAIL TO** Hailey.Montgomery@walmart.com

**SENT VIA FAX TO (877) 219-0742**

Hailey Montgomery
Walmart Claims Services
Po Box 14731
Lexington, KY 40512

RE:   Date of Accident:      8/1/2020
       Our File Number:      0324-BR-TF-2020-08
       Claimant:             Beverly Isaac
       Your Insured:         Wal-Mart Stores East, LP
       Claim Number:         9278423

Dear Ms. Hailey Montgomery:

As you are aware, we represent Beverly Isaac who sustained serious and permanent injuries as a result of an incident which occurred on the above-referenced date. At this time, we are in a position to present our settlement package for your review.

**LIABILITY**

Our client, Mrs. Beverly Isaac attended Walmart as a business invitee and/or guest. As she shopped through the store she tripped on a piece of flooring that was protruding from the ground. Mrs. Isaac immediately sustained permanent injuries to her right foot, her left hand, and her left wrist. It is our position that her permanent injury was a direct and proximate cause of the negligence and poor maintenance of Walmart.

In the context of premises liability, the possessor of the premises owes several distinct duties to a business invitee: the possessor (1) must use ordinary care in (a) keeping the premises in a reasonable safe condition and (b) correct dangerous conditions of which the possessor/owner knows

or should reasonably know, and (2) must give timely notice of latent or concealed perils that are known or should be known to the possessor/owner, but that are not known to the business invitee. See Aaron v. Palatka Mall, LLC, 908 So.2d 574 (Fla. 5th DCA 2005) (citing Hylazewski v. Wet'N Wild, Inc., 432 So.2d 1371, 1372 (Fla. 5th DCA 1983); Wolford v. Ostenbridge, 861 So.2d 455, 456 (Fla. 2d DCA 2003) (recognizing that the duty to maintain and duty to warn are two "distinct" duties); Lynch v. Brown, 489 So.2d 65, 66 (Fla. 1st DCA 1986) (recognizing that the duty to maintain and duty to warn are two "alternative" duties)). As such, it is well established that "[a] landowner owes a business invitee two independent duties: '(1) to maintain the premises in a reasonably safe condition, and (2) to give warning of concealed perils.'" De Cruz-Haymer v. Festival Food Market, Inc., 117 So.3d 885, 888 (Fla. 4th DCA 2013) (quoting Burton v. MDC PGA Plaza Corp., 78 So.3d 732, 734 (Fla. 4th DCA 2012)). Assuming arguendo that your insured may take the position that any such dangers were "open and obvious", "the fact that a danger is obvious discharges a landowner's duty to warn, [however, the obvious danger doctrine] does not discharge the landowner's duty to maintain his premises." De Cruz-Haymer, 117 So.3d at 888 (citing Burton, 78 So.3d at 734); see also Spatz v. Embassy Home Care, Inc., 9 So.3d 697, 699 (Fla. 4th DCA 2009); Fieldhouse v. Tam Inv. Co., 959 So.2d 1214, 1216 (Fla. 4th DCA 2007).

Thus, because your insured failed to keep its premises reasonably safe, your insured is liable to Ms. Isaac for her injuries sustained on August 1, 2020.

## MEDICAL TREATMENT

Ms. Isaac sustained permanent injuries and incurred medical bills as a direct result of the incident. The medical providers' reports and bills are attached hereto.

On August 1, 2020, immediately following the fall, Mrs. Beverly Isaac presented herself to Memorial Urgent Care with complaints of pain in her right foot, left wrist and left hand. Attached, please find the report from Memorial Urgent Care.

On October 19, 2020, Mrs. Beverly Isaac presented herself to POM MRI for an MRI of her right foot. Attached, please find the MRI reports.

On November 06, 2020, Mrs. Beverly Isaac attended All Pro Orthopedics and Sports Medicine for a ***platelet rich plasma injection***. Attached, please find the injection report from All Pro Orthopedics and Sports Medicine.

## SPECIAL DAMAGES

Attached are all records and bills associated with this accident and incurred to date as a result of the subject accident. Please keep in mind that the following attached records and bills are only for treatment received to date and do not include costs for ongoing care and treatment. Any additional medical records will be supplemented to this letter as they become available.

**6/17/2021**

Below is a breakdown of the medical expenses Ms. Isaac has incurred to date as a result of the subject collision:

| Medical Provider | Dates of Service | Final Invoice Amount |
|---|---|---|
| Memorial Urgent Care Center | 8/1/2020 - 8/3/2020 | $197.00 |
| All-Pro Orthopedics and Sports Medicine, P.A. | 8/11/2020 - 3/4/2021 | $ 20,857.00 |
| Physical Therapy Now - Fort Lauderdale | 8/26/2020 - 9/23/2020 | $ 7,568.50 |
| POM MRI & Radiology Center of Plantation | 10/19/2020 - 10/19/2020 | $ 2,700.00 |
| Totals | | $ 31,322.50 |

## **SETTLEMENT OFFER**

There is no question that a reasonable jury verdict for this case will exceed nearly five times the amount of Ms. Isaac's outstanding medical bills. In the spirit of compromise, and in light of our client's desire to save time, costs of litigation, and additional attorneys' fees, we make demand upon you to resolve this claim for $150,000.00. This Offer to settle may only be accepted by performing the following by 3:00pm, Friday, July 9, 2021:

Tendering a settlement draft for $150,000.00 to Inserra & Wallace, PLLC (FEIN: 85-1083162) to our office at Inserra & Wallace, PLLC, 2131 Hollywood Blvd., Suite 208, Hollywood, FL 33020, by that deadline (the draft should be made payable to Inserra & Wallace, PLLC Trust Account f/b/o Beverly Isaac);

Please understand that this offer of settlement is intended to be a unilateral contract which will be accepted only by strict performance and not a promise to perform by you and/or your insured or substantial performance or partial performance by you and/or your insured. Any action other than strict performance shall be treated as a counteroffer. In return for strict compliance with the above, my client will execute a release in favor of the carrier and your insured only. Disbursement of the funds from our trust account may be conditioned upon the delivery of the release in favor of the carrier and your insured. This release may not be conditioned upon my clients executing any hold harmless or indemnity agreement in favor of the carrier and/or your insured. Therefore, we will not accept any release which contains hold harmless or indemnity agreements, as such items would not being in strict compliance with our offer. Our client will accept responsibility to satisfy all valid medical bills and other legal liens against the settlement funds out of the delivery of the settlement funds.

3

**6/17/2021**

This offer to settle is made in reliance upon your representation that the only coverage available is the amount of the policy limits aforementioned.

The information contained in this offer of settlement package is sufficient for your analysis. However, if you need anything further, please do not hesitate to contact the undersigned.

Thank you for your anticipated cooperation in working toward a mutually acceptable resolution of this matter.

Kindly be guided accordingly.

**INSERRA & WALLACE, PLLC**


  /s/ **Michael W. Wallace**
by: Michael W. Wallace, Esq.

4

**6/17/2021**