**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**BROWARD DIVISION**

BEVERLY ISAAC,                                    CASE NO.: 0:22-cv-60025

              Plaintiff,

v.

WAL-MART STORES EAST, LP,

              Defendant.
_____/

## DEFENDANT WAL-MART STORES EAST, LP'S RESPONSE AND MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND TO STATE COURT

Defendant, WALMART STORES EAST, LP ("Walmart"), through undersigned counsel,

files its Response in Opposition to Plaintiff's Motion to Remand ("Motion to Remand") [D.E. 3]

with incorporated Memorandum of Law, and in support thereof states:

## PRELIMINARY STATEMENT

Remand is improper because Walmart has proven by a preponderance of evidence that

there is complete diversity between the parties and the amount in controversy exceeds $75,000.00.

Walmart incorporates its Notice of Removal [D.E. 1] by reference in this Response, including the

exhibits attached thereto, as these documents help establish the requirements for this Court's

jurisdiction.  It is undisputed that the parties are diverse.  The jurisdictional threshold is satisfied,

because although the complaint did not specify an amount of damages, this Court can consider

Plaintiff's pre-suit demand, which helps prove the value exceeds the threshold for diversity actions.

*See e.g. Gillinov v. Hillstone Rest. Group, Inc.*, 92 F. Supp. 3d 1251, 1254–55 (S.D. Fla. 2015)

(finding pre-suit demand letters are competent evidence of the amount in controversy).  This Court

should deny Plaintiff's Motion to Remand.

CASE NO.: 0:22-cv-60025

## RELEVANT FACTUAL BACKGROUND
## AND PROCEDURAL HISTORY

1.      Plaintiff initiated the subject action against Walmart on December 2, 2021, by filing a complaint ("Complaint") in the 17th Judicial Circuit in and for Broward County, Florida.  [D.E. 1-2].

2.      Plaintiff sued Walmart to recover for injuries allegedly sustained during a "trip and fall" incident that she claimed occurred in a Walmart store on August 1, 2020.  [D.E. 1-2, p. 4–5]. Specifically, Plaintiff alleged that due to Walmart's negligence, "she tripped on a piece of flooring that was protruding from the ground."  [D.E. 1-2, p. 5–6; D.E. 1-4, p. 2–3].

3.      As a result of the fall, Plaintiff contended that "[she] sustained serious bodily injuries."  [D.E. 1-2, p. 5].  Specifically, she claimed that "[she] was injured in and about her body and extremities and/or aggravated a pre-existing condition; suffered pain therefrom; suffered physical handicap; suffered disfigurement; suffered mental pain and suffering; suffered loss of income in the past and will do so in the future; suffered loss for the capacity for the enjoyment of life and/or incurred medical expenses for the care and treatment of her injuries."  [D.E. 1-2, p. 7]. Plaintiff claimed her injuries "are permanent and are continuing in nature, and Plaintiff will continue to suffer these losses and impairments in the future."  [*Id.*].

4.      Prior to initiating the subject action, Plaintiff sent Walmart a pre-suit demand letter ("Pre-suit Demand"), which described her injuries and treatment.  [D.E. 1-4] (also attached hereto as **Exhibit** "**A**").  Plaintiff provided copies of her medical records and an itemization of the costs incurred.  [*Id.*].[1]  She stated "the following attached records and bills are only for treatment received to date and do not include costs for ongoing care and treatment."  [*Id.*].

---

[1] Walmart has not filed the medical records submitted with Plaintiff's pre-suit demand letter in order to protect her personal information.

CASE NO.: 0:22-cv-60025

5.      Based on her understanding and expectations regarding her injury, Plaintiff advised Walmart that a reasonable jury verdict for this case "will exceed nearly five times the amount of [her] outstanding medical bills." [D.E. 1-4, p. 4]. In the spirit of compromise, she offered to settle for payment of $150,000.00. [*Id.*].

6.      The Complaint was served on December 6, 2021, and Walmart filed its Answer and Affirmative Defenses on December 10, 2021. [D.E. 1-3; D.E. 1-5, pp. 45–51]. Thereafter, January 5, 2022, Walmart properly removed Plaintiff's Complaint to federal court on grounds of diversity because there was complete diversity of citizenship between the parties and the amount in controversy exceeded $75,000.00. [D.E. 1].

7.      On January 19, 2022, Plaintiff filed her Motion to Remand, arguing the case did not belong in federal court because Walmart had not proven the amount in controversy was established. [D.E. 3]. She is wrong. The Notice of Removal and its exhibits – specifically, the Complaint and the Pre-suit Demand – show that the value of the right Plaintiff seeks to enforce exceeds the jurisdictional threshold for the amount in controversy. This Court can consider the Pre-suit Demand in reaching that determination. For the reasons explained herein, this Court should deny Plaintiff's Motion for Remand and allow this case to remain in federal court.

### MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND TO STATE COURT

### I.      LEGAL STANDARD

Federal courts are courts of limited jurisdiction, with authority to hear only those matters defined by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Within that prescribed jurisdiction, district courts can hear civil actions where "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of different States." 28 U.S.C. § 1332(a)(1).

CASE NO.: 0:22-cv-60025

A civil action may be removed to a federal court if the federal court would have had jurisdiction over the action in the first instance. 28 U.S.C. § 1441(a). The date for determining jurisdiction is the date of removal. *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). While generally, courts must construe the removal statutes narrowly and resolve doubts against removal, it must be "equally vigilant" in protecting the defendant's right to proceed in federal court as it is in permitting a state court to retain its jurisdiction. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 766 (11th Cir. 2010). The removal process "was created by Congress to protect defendants." *Id.* (internal citations omitted). "[T]he federal courts should not sanction devices intended to prevent removal to a federal court where one has the right[.]" *Id.* (internal citations omitted); *see also Gonzalez v. Scottsdale Ins. Co.*, No. 18-cv-23738, 2019 WL 7943609, at *1 (S.D. Fla. Mar. 27, 2019) (denying a motion to remand after acknowledging that courts must be "equally vigilant" in protecting the right of the defendant as it is the plaintiff).

## II.     THIS COURT HAS JURISDICTION TO KEEP THE CASE, WHERE THE PARTIES ARE DIVERSE AND WALMART HAS SHOWN BY A PREPONDERANCE OF EVIDENCE THAT THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL THRESHOLD

Again, federal courts have jurisdiction where there is complete diversity between the parties and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of different States. 28 U.S.C. § 1332(a)(1). Here, as Walmart has established through its Notice of Removal and this Response, both elements are satisfied.

### A.     The Parties Are Diverse

The first prong of a jurisdictional analysis is whether the parties are diverse – that is, whether the action involves citizens of different states. 28 U.S.C. § 1332(a)(1). Plaintiff does not challenge the diversity of citizenship in her Motion to Remand, and the Notice of Removal makes clear this element is satisfied.

CASE NO.: 0:22-cv-60025

Plaintiff admits she is a resident of Broward County, Florida. *See* [D.E. 1-2, p. 4 ¶ 2]. Although the Complaint does not specifically describe Plaintiff's citizenship, courts have held "a party's residence is prima facie evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp.*, No. 09-cv-60067, 2009 WL 1532129, *3 (S.D. Fla. June 1, 2009) (internal citations omitted). Thus, Plaintiff's residence in Broward County is prima facie evidence of her domicile and citizenship. *Id.* at *3. Plaintiff is a citizen of Florida for purposes of diversity jurisdiction. *Id.* She does not allege otherwise.

Walmart, currently and at the time of the alleged incident, is a Delaware limited partnership, composed of WSE Management, LLC (general partner) and WSE Investment, LLC (limited partner). [D.E. 1, p. 3]. The sole member of both partners is Wal-Mart Stores East, LLC, an Arkansas limited liability company whose parent company is Wal-Mart Stores, Inc. [*Id.*]. The principal place of business for all entities mentioned is Bentonville, Arkansas. [*Id.*]. Thus, Walmart is a considered a citizen of Delaware or Arkansas. *See Carden v. Arkoma Associates*, 494 U.S. 185, 187–97 (1990) (finding a limited partnership is a citizen of the state that created it or has the citizenship of each of its partners, whether general or limited). At no time has Walmart or any of its general or limited partners been a citizen of Florida. [D.E. 1, p. 3–4; D.E. 1-6].

Because the parties to this action clearly are citizens of different states, and Plaintiff does not argue otherwise, this Court should find the citizenship prong for diversity jurisdiction satisfied by the preponderance of evidence.

### B.    The Amount in Controversy Exceeds $75,000.00.

The next prong of a jurisdictional analysis is amount in controversy, as federal courts have jurisdiction only if the sum or value of a matter exceeds $75,000. 28 U.S.C. § 1332(a)(1).

CASE NO.: 0:22-cv-60025

In removal cases, the removing defendant has the burden of proving the elements of federal jurisdiction including the amount in controversy. *Williams v. Best Buy Company, Inc.*, 269 F.3d 1316, 1320 (11th Cir. 2001) (internal citations omitted). Where "the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of evidence that the amount in controversy exceeds the jurisdictional requirement." *Id.* The Eleventh Circuit employs the "plaintiff-viewpoint" rule for determining the amount in controversy, equating that amount with "the value of the plaintiff's right sought to be enforced." *Ericsson GE Mobile Commc'ns, Inc. v. Motorola Commc'ns & Elecs. Inc.*, 120 F.3d 216, 219 (11th Cir. 1997). Whether the plaintiff can will likely find success in recovering a judgment is irrelevant. *Amoche v. Guarantee Tr. Life Ins. Co.*, 556 F.3d 41 (1st Cir. 2009).

A court can make its determination regarding the amount in controversy by looking to the face of the complaint, since a complaint that presents a combination of facts and theories for recovery can support a claim in excess of $75,000.00, even if it does not specify a numerical value for the damages. *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir.1999) (upholding removal of a complaint that sought recovery in tort for "alleged damages for property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and her temporary inability to do housework after the hospitalization"). But, "[t]he substantive jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard." *Pretka v. Kolter City Plaza II, Inc*., 608 F.3d 744, 755 (11th Cir. 2010) (discussing the binding law in the Eleventh Circuit that a defendant may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal). Thus, in addition to the complaint, a court may "look to the notice of removal and may require evidence

CASE NO.: 0:22-cv-60025

relevant to the amount in controversy at the time the case was removed." *See Williams*, 269 F.3d at 1320 (quoting *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373 (9th Cir. 1997)).  Of course, the defendant must provide factual support for the allegations in the notice of removal; conclusory allegations are insufficient.  *Id.* (internal citations omitted).  Courts are also permitted to use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.  *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010).

Pre-suit demand letters are one form of outside evidence that can establish the amount in controversy for purposes of diversity jurisdiction.  *See Gillinov*, 92 F. Supp. 3d at 1254–55; *see also Mick v. De Vilbiss Air Power Co.,* No. 10-cv-1390, 2010 WL 5140849 (M.D. Fla. Dec. 14, 2010) (finding pre-suit demand letters are competent evidence of the amount in controversy); *Katz v. J.C. Penney Corp.*, No. 09-cv-60067, 2009 WL 1532129 (S.D. Fla. June 1, 2009) (concluding the defendant met its burden of establishing the amount in controversy based on the pre-suit demand package received from the plaintiff and included with the notice of removal).

Courts have long acknowledged that settlement offers "count for something," although the circumstances in which the offer was made can impact the jurisdictional analysis.  *Poltar v. LM Gen. Ins. Co.*, 473 F. Supp. 3d 1341, 1345 (M.D. Fla. 2020).  A defendant's settlement offer, for example, is often irrelevant to the analysis of the amount in controversy because it reflects a plaintiff's likelihood of success on the merits.  *Id.*  On the other hand, "settlement offers that provide specific information to support the plaintiffs' claim for damages suggest the plaintiffs are offering a reasonable assessment of the value of their claims and are entitled to more weight."  *Id.* (internal citations omitted).  In some cases, the pre-suit demand letter, coupled with the complaint, can prove the amount in controversy has been satisfied.  *Id.*

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

CASE NO.: 0:22-cv-60025

For example, in *Poltar*, the plaintiffs filed suit to recover for personal injuries resulting from a motor vehicle accident. 473 F. Supp. 3d at 1343. After the defendant removed the matter to federal court, the plaintiffs sought to remand, arguing that the defendant had not established the amount in controversy for diversity actions was satisfied. *Id.* The plaintiffs pointed to the fact that the defendant had offered to settle with them for less than $6,000. *Id.* at 1344. The court gave little weight to this offer, as it was based on the defendant's assessment of liability. *Id.* However, it did rely on a pre-suit demand sent by the plaintiffs, offering to settle the matter without litigation for payment of policy limits ($100,000). *Id.* at 1345. The pre-suit demand provided descriptions of the injuries and itemized lists of the costs incurred to date, which totaled almost $20,000 for each plaintiff. *Id.* This supported the demand, making it more than mere puffery, particularly as the plaintiffs followed up by filing suit when the defendant failed to issue payment. *Id.* In addition to the medical bills, the court noted that the plaintiffs were seeking non-economic damages. *Id.* at 1345–46. "Taking into consideration the $100,000 pre-suit demand letter for each plaintiff, the plaintiffs' past and future medical expenses, and the non-economic damages the plaintiffs seek to recover, [the court found] it is reasonable to conclude that the amount in controversy exceeds $75,000 for each plaintiff." *Id.* at 1346. The motion to remand was denied. *Id.*

In *Katz v. J.C. Penney*, the plaintiffs sued for damages sustained during a slip and fall accident, and the defendant removed the action to federal court. 2009 WL 1532129 at *1. The plaintiffs had not specified the amount of damages in their complaint, aside from alleging that damages exceeded the jurisdictional minimum of $15,000.00. *Id.* at *3. Thus, the district court considered the notice of removal, including the pre-suit demand letter attached thereto, which offered to settle the case for more than $75,000.00. *Id.* at *3-4. The district court found the pre-suit demand reflected an honest assessment of damages because it was based on medical records

CASE NO.: 0:22-cv-60025

provided by the plaintiff.  *Id.* at *5-6.  The actual damages suffered by the plaintiff in terms of medical costs ($58,995.78), plus the alleged future medical expenses ($39,800.00) and potential claim for pain and suffering supported a finding that the jurisdictional threshold for diversity jurisdiction had been satisfied.  *Id.*  Again, the motion to remand was denied.  *Id.*

Similarly, in *Wilson v. Target Corp.*, No. 10-cv-80451, 2010 WL 3632794, *1 (S.D. Fla. Sept. 14, 2010), the defendant removed a complaint that did not specify an amount of damages, relying instead on a detailed pre-suit demand letter as evidence that the jurisdictional threshold for diversity was satisfied.  *Id.*  The court acknowledged that pre-suit demand letters are not always determinative of an amount in controversy.  *Id.* at *3.  However, this letter "delineate[d] the extent of [plaintiff's] injuries, the physicians who have treated her, and the medical care she received from each of those physicians."  *Id.* at *4.  "Because of this detail," the court found the plaintiff's "pre-suit demand can be considered reliable evidence that [the plaintiff's] damages will exceed $75,000.00."  *Id.*; *see also Shields v. Fresh Mkt., Inc.*, No. 19-cv-60725, 2019 WL 1648974, at *2 (S.D. Fla. Apr. 17, 2019) (explaining that while a "demand letter, standing alone, may not be enough to satisfy the jurisdictional amount," when it is "combined with" supporting documentation, it can establish the amount in controversy).  Once again, it denied the motion to remand.  *Id.*

The same is true here.  As in *Katz* and *Wilson*, Plaintiff here has sued to recover for personal injury damages sustained during a trip or slip and fall incident.  *See* [D.E. 1-2, p. 4–5].  Plaintiff's alleged damages include past medical bills, future expenses, and non-economic damages.  [*Id.*]  In the complaint, Plaintiff alleged "[she] was injured in and about her body and extremities and/or aggravated a pre-existing condition; suffered pain therefrom; suffered physical handicap; suffered disfigurement; suffered mental pain and suffering; suffered loss of income in the past and will do

CASE NO.: 0:22-cv-60025

so in the future; suffered loss for the capacity for the enjoyment of life and/or incurred medical expenses for the care and treatment of her injuries," and she demanded judgment against Walmart accordingly.  [D.E. 1-2, p. 7].

These assertions followed Plaintiff's Pre-suit Demand, in which she claimed to have "sustained permanent injuries to her right foot, her left hand, and her left wrist" due to Walmart's negligence.  [D.E. 1-4, p. 2–3].  Plaintiff described the treatment she received for her injuries in her Pre-suit Demand.  [D.E. 1-4, p. 3–4].  She received emergency treatment on the day of the incident.  [D.E. 1-4, p. 3].  She then treated with an orthopedist for at least the next eight months, receiving a platelet rich plasma injection during the course of that treatment.  [D.E. 1-4, p. 3–4].  Plaintiff also received a full month of physical therapy, and she presented to a radiologist for an MRI of her right foot.  [D.E. 1-4, p. 3–4].  The medical bills for these treatments exceeded $30,000, although Plaintiff emphasized that the itemization was only what she had incurred to date.  [D.E. 1-4, p. 3–4].  Given her permanent injury and other non-economic damages, Plaintiff estimated that she could recover at least five times that amount from a jury, thus supporting her demand for payment of $150,000.00 to avoid litigation.  [D.E. 1-4, p. 3–4].

Consistent with decisions from this and other district courts across the state (and as Walmart has explained in its Notice of Removal), the relevant portions of the Demand Letter and supporting documentation, coupled with the allegations in the complaint, prove by a preponderance of the evidence that the amount in controversy for this action exceeds the jurisdictional minimum.  *See e.g. Poltar v. LM Gen. Ins. Co.*, 473 F. Supp. 3d 1341, 1345 (M.D. Fla. 2020); *Gillinov v. Hillstone Rest. Group, Inc.*, 92 F. Supp. 3d 1251, 1254–55 (S.D. Fla. 2015); *Wilson v. Target Corp.*, 2010 WL 3632794, *1 (S.D. Fla. Sept. 14, 2010); *Katz v. J.C. Penney Corp.*, 2009 WL 1532129 (S.D. Fla. June 1, 2009).

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

CASE NO.: 0:22-cv-60025

Notwithstanding established case law, Plaintiff contends this Court cannot consider her Pre-suit Demand as evidence of the amount in controversy because it is antithetical to the rules of evidence.  [D.E. 3, p. 7–10].  She cites no case law in support of this assertion.  [*Id.*].  Moreover, as explained herein, a wealth of decisions from this district and others have found that pre-suit demands can help establish the amount in controversy for diversity jurisdiction.  *See e.g. Poltar*, 473 F. Supp. 3d at 1345; *Gillinov*, 92 F. Supp. 3d at 1254–55; *Shields v. Fresh Mkt.*, Inc., 2019 WL 1648974 at *2; *Mick v. De Vilbiss Air Power Co.,* 2010 WL 5140849 at *1; *Wilson*, 2010 WL 3632794 at *1; *Katz v. J.C. Penney Corp.*, 2009 WL 1532129 at *3.

Assuming the demand letter can be considered (which courts have held it can), Plaintiff alleges that this Court should discount her Demand Letter because Walmart has not shown it is more than "mere puffery."  [D.E. 3, p. 6–7].  However, decisions from this court and others show the contrary.  Like *Poltar*, *Wilson*, and *Katz*, Plaintiff's demand letter outlined her medical treatment and expenses, justifying the six-figure settlement she demanded to avoid litigation. [D.E. 1-4, p. 3–4].  Ultimately, Plaintiff made good on her threat of litigation, filing suit to recover for her injuries, including pain and suffering, loss of income, loss of capacity for the enjoyment of life, and past and future medical expenses.  [D.E. 1-2, p. 7].  Again, *Poltar*, *Wilson*, *Katz*, and other such cases are directly on point – Walmart has shown by a preponderance of evidence that the value of Plaintiff's claim more likely than not exceeds the jurisdictional threshold, even if she may recover less.  *Poltar*, 473 F. Supp. 3d at 1345; *Wilson*, 2010 WL 3632794 at *1; *Katz v. J.C. Penney Corp.*, 2009 WL 1532129 at *3; *see also Gehl v. Direct Transp., Ltd.*, No. 12-cv-1869, 2013 WL 424300, at *3 (M.D. Fla. Feb. 4, 2013) (citing cases for the proposition that a *plaintiff's* settlement demand is evidence of the amount in controversy, while a defendant's settlement demand is of little weight).

CASE NO.: 0:22-cv-60025

The case law upon which Plaintiff relies is distinguishable.  For example, in *Golden v. Dodge-Markham Co.*, 1 F. Supp 2d 1360 (M.D. Fla. 1998), the plaintiff had sent a pre-suit demand letter that exceeded the jurisdictional threshold for diversity actions, but her complaint for retaliatory discharge specifically alleged that damages ***did not*** exceed $75,000.00.  *Id.* at 1361–62. The court found agreed with the allegation, as it calculated the amount of lost wages at issue to be just over $40,000.00.  *Id.* at 1366 FN 5.  The defendant had not offered any evidence to show that the plaintiff would be able to recover any other payments, reimbursements, rewards, recompense, or compensation beyond the court's calculation.  *Id.* at 1366.  Based on these facts, the court found that the plaintiff's pre-suit demand was not an honest assessment of the value for the claim and did not establish that the amount in controversy was satisfied for diversity actions.  *Id.* at 1365.  Here, Walmart has established with supported allegations that Plaintiff's claim for damages could exceed $75,000.00, considering all facets of a potential damage award as outlined in the Pre-suit Demand. [D.E. 1].  *Golden* does not require a contrary finding.

This Court undeniably can consider the Pre-suit Demand and its exhibits, particularly in light of the demands made in the complaint.  *Poltar v. LM Gen. Ins. Co*., 473 F. Supp. 3d 1341, 1344 (M.D. Fla. 2020) (stating there is no question that a Court may consider a settlement offer made by a plaintiff in determining if diversity jurisdiction exists); *Gehl*, 2013 WL 424300 at *3 (collecting cases that find settlement offers can be considered as evidence of the amount in controversy).  This Court can also use its common sense to determine whether the value of Plaintiff's claim could exceed $75,000.00.  *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010).  Based on the evidence and its own experience, this Court should find that Walmart has established by a preponderance of evidence that the amount in controversy is satisfied and deny the Motion to Remand.

CASE NO.: 0:22-cv-60025

### III.    PLAINTIFF IS NOT ENTITLED TO ATTORNEY FEES BECAUSE WAL-MART HAD A VALID BASIS FOR REMOVAL

At the end of her motion, Plaintiff asks this Court to award her fees associated with bringing this motion when it grants relief.  [D.E. 3, p. 12].  Of course, Walmart believes this Court should deny Plaintiff's Motion to Remand, leading to the denial of her request for fees, as well.  However, even if this Court found Plaintiff was entitled to relief, it should still deny fees because Walmart had a good faith basis for removing the matter.

Under 28 U.S.C. § 1447(c), if an action is remanded, a district court may award a plaintiff "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  *Id.*  The Supreme Court of the United States has held that the standard for awarding fees should turn on the reasonableness of the removal, and courts may award attorney's fees under section 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  In *Martin v. Franklin Capital Corp.*, the plaintiff argued, inter alia, that attorney's fees should be awarded automatically on remand, or that there should at least be a strong presumption in favor of awarding fees.  *Id.* at 136.  The Supreme Court explained section 1447(c), however, provides that a remand order "may" require payment of attorney's fees—not "shall" or "should."  *Id.*; s*ee also Design Ctr. of the Americas, LLC v. Mike Bell Inc.*, 54 F. Supp. 3d 1339, 1342–43 (S.D. Fla. 2014) (granted plaintiff's motion to remand but denying its request for attorney's fees because defendant had an objectively reasonable basis for seeking removal); *Avello v. City of Miami*, No. 09-cv-22359, 2009 WL 4823937, at *1 (S.D. Fla. Dec. 14, 2009) (denying plaintiff's request for attorney's fees even when the defendant conceded that remand was proper). Thus, there was no obligation to award fees upon a successful motion for remand.

CASE NO.: 0:22-cv-60025

Here, an award of attorney's fees is not proper as Walmart has a valid basis for removing this matter to federal court.  There is complete diversity of citizenship between Walmart and Plaintiff, and the amount in controversy is satisfied when considering Plaintiff's alleged injuries as described in her Demand Letter.  Based on the foregoing, Walmart has a good faith basis to remove this case to federal court, and Plaintiff should not recover attorney's fees and costs even if this court remands the matter back to state court.

## **CONCLUSION**

Based on the foregoing, this Court should deny Plaintiff's Motion to Remand with incorporated Memorandum of Law on the basis that Walmart has shown by a preponderance of the evidence that removal is appropriate.

**WHEREFORE,** Defendant, WALMART STORES EAST, LP, respectfully requests this Court enter an order denying Plaintiff's Motion to Remand, together with such other relief that the Court deems just and proper.

> **LIEBLER, GONZALEZ & PORTUONDO**
> *Attorneys for Defendant*
> Courthouse Tower - 25th Floor
> 44 West Flagler Street
> Miami, FL 33130
> (305) 379-0400
> service@lgplaw.com
>
> By:    */s/ Christine M. Manzo*
> CHRISTINE M. MANZO
> Florida Bar No. 52121
> NICHOLAS G. NEVILLE
> Florida Bar No. 123893

CASE NO.: 0:22-cv-60025

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 2<u>nd</u> day of February, 2022, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF and will send a notice of electronic filing to the following: **Michael W. Wallace, Esq.** (mwallace@callwally.com), LAW OFFICE OF MICHAEL W. WALLACE, P.A., *Attorneys for Plaintiff*, 2847 Hollywood Blvd., Suite 112, Hollywood, Florida 33020.

*/s/ Christine M. Manzo*
CHRISTINE M. MANZO